UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-----------------------------------------X

TODD BANK, *on behalf of himself
and all others similarly situated,*

Plaintiff,

No.: 1:18-cv-01311

-against-

CREDITGUARD OF AMERICA, INC.,
FREEDOM DEBT RELIEF, LLC,
FREEDOM FINANCIAL NETWORK LLC, and
FREEDOM FINANCIAL NETWORK FUNDING, LLC,

Defendants.

-----------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE

On the Brief:

NEIL E. ASNEN

KLEIN MOYNIHAN TURCO LLP

*Attorneys for Defendants*
450 Seventh Avenue – 40th Floor
New York, NY 10123
(212) 246-0900

{00130914;1}

# Table of Contents

TABLE OF AUTHORITIES ................................................................................................II

PRELIMINARY STATEMENT ...........................................................................................1

LEGAL STANDARD ............................................................................................................4

I.     PLAINTIFF'S TCPA CLAIMS MUST BE DISMISSED ........................................5

    A.   The TCPA's Nonprofit Exemption Mandates Dismissal of Plaintiff's Claim .........................5

    B.   The FAC Fails to State a Claim for Relief Pursuant to the TCPA ............................................8

II.    PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED................................10

    A.   The Court Should Decline to Exercise Supplemental Jurisdiction...........................................10

    B.   The FAC Fails to State a Claim for Relief Pursuant to NY GBL § 399-p...............................11

    C.   Plaintiff Lacks Article III Standing to Assert the NY GBL § 399-p Claim ............................13

III.   THE CLASS CLAIMS SHOULD BE DISMISSED AND/OR STRICKEN ...............15

    A.   The Class Allegations' Facial Deficiencies Make Clear That This Matter Cannot Proceed as a Class Action .........................................................................................................................15

    B.   The Supreme Court's Recent Decision in *Bristol-Myers* Confirms that the Court Lacks Specific Jurisdiction over the Federal Class ................................................................................18

    C.   Subject Matter Jurisdiction is Lacking With Respect to the New York Class ........................19

CONCLUSION ......................................................................................................................21

## **TABLE OF AUTHORITIES**

### CASES

*Aranda v. Caribbean Cruise Line, Inc.*,
  179 F. Supp. 3d 817 (N.D. Ill. 2016) ..................................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................4, 10, 14

*Bank v. Alliance Health Networks, LLC*,
  2015 U.S. Dist. LEXIS 101774 (E.D.N.Y. Aug. 4, 2015)............................10, 12

*Bank v. Philips Elecs. N. Am. Corp.*,
  2015 U.S. Dist. LEXIS 48767 (E.D.N.Y. April 14, 2015) ..........................10, 12

*Bank v. Uber Techs., Inc.*,
  2016 U.S. App. LEXIS 18641 (2d Cir. Oct. 18, 2016) .....................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................4, 10

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
  137 S. Ct. 1773 (June 19, 2017) ......................................................3, 21

*Calvo v. City of New York*,
  2017 U.S. Dist. LEXIS 154669 (S.D.N.Y. Sept. 21, 2017)..............................19

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988)..............................................................................12

*Chen-Oster v. Goldman, Sachs & Co.*
  877 F. Supp.2d 113 (S.D.N.Y. 2012) ..............................................................18

*Cortland Street Recovery Corp. v. Hellas Telecommunications*,
  790 F.2d 411 (2d Cir. 2015) .......................................................................5

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
  861 F.3d 76 (2d. Cir. 2017) .........................................................................16

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).................................................................................22

*Fitzhenry v. Indep. Order of Foresters*,
  2015 U.S. Dist. LEXIS 76750 (D. S.C. June 15, 2015) .................................7, 8

*Guariglia v. P&G*,
  2018 U.S. Dist. LEXIS 42861 (Mar. 14, 2018)........................................5, 18

*Iannacone v. Law*,
  142 F.3d 553 (2d Cir. 2004) .......................................................................19

*In re Dental Supplies Antitrust Litigation*,
  2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017) ............................22

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
  18 FCC Rcd. 14014, 14087 (2003)..................................................................6

*Jackson v. Caribbean Cruise Line, Inc.,*
  88 F. Supp. 3d 129 (E.D.N.Y. 2015) ........................................................11
*Jaffe v. Capital One Bank,*
  2010 U.S. Dist. LEXIS 18117 (S.D.N.Y. Mar. 10, 2010) ..............................19
*Jenkins v. Nat'l Grid USA Serv. Co.,*
  2017 U.S. Dist. LEXIS 155423 (E.D.N.Y. Sept. 22, 2017) ...........................16
*Kolari v. New York-Presbyterian Hosp.,*
  455 F.3d 118 (2d Cir. 2006) ...................................................................12
*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ...............................................................................15
*Matassarin v. Lynch,*
  174 F.3d 549 (5th Cir. 1999) ..................................................................20
*Mayfield v. Asta Funding,*
  95 F. Supp.3d 685 (S.D.N.Y. 2015) .........................................................18
*Pilgrim v. Universal Health Card, LLC,*
  660 F.3d 943 (6th Cir. 2011) ..................................................................18
*Practice Mgmt. Support Servs. v. Cirque du Soleil, Inc.,*
  2018 U.S. Dist. LEXIS 39754 (N.D. Ill. Mar. 12, 2018)...............................22
*Robert L. Gordons LLC v. U.S. Bank N.A.,*
  2018 U.S. App. LEXIS 2330 (2d Cir. Jan. 31, 2018) ..................................14
*Rodriguez v. Eastman Kodak Co.,*
  88 Fed. App'x 470 (2d Cir. 2004) ...........................................................19
*Spokeo, Inc. v. Robins,*
  136 S. Ct. 1540  (2016)..........................................................................15
*Strubel v. Comenity Bank,*
  842 F.3d 181 (2d Cir. 2016) ...................................................................15
*Walker v. Time Life Films, Inc.,*
  784 F.2d 44 (2d Cir. 1986) .....................................................................13
*Warren v. Colvin,*
  744 F.3d 841 (2d Cir. 2014) .....................................................................4
*Wengle v. Dialamerica Mktg, Inc.,*
  2015 U.S. Dist. LEXIS 135187 (E.D. Mich. Oct. 2, 2015)..............................7

## STATUTES

28 U.S.C. § 1331..........................................................................................23
28 U.S.C. § 1332(d)......................................................................................23
28 U.S.C. § 1367(c) ..............................................................................2, 11, 12
47 C.F.R. § 64.1200(a)(3)(iv)..................................................................1, 6, 7
47 C.F.R. §64.1200(a)(3)..............................................................................5
47 U.S.C. § 227, *et seq* ......................................................................... passim

Fed. R. Civ. P. 12(b)(1) ......................................................................................5

Fed. R. Civ. P. 12(b)(6) ...................................................................................4, 21

Fed. R. Civ. P. 12(f) .................................................................................4, 18, 21

Fed. R. Civ. P. 8 .................................................................................................9

Fed. R. Civ. P. 23(d)(1)(D) ............................................................................17, 21

NY GBL § 399-p ...................................................................................... passim

Pursuant to Rules 12(b) and (f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Fed. R. Civ. P. 23(d), defendants CreditGuard of America, Inc. ("CGA"), Freedom Debt Relief, LLC ("FDR"), Freedom Financial Network LLC ("FFN"), and Freedom Financial Network Funding, LLC ("FFNF") (collectively "Defendants"), respectfully submit this Memorandum of Law in support of their Motion to dismiss the First Amended Complaint or, alternatively, dismiss or strike the class allegations thereof (the "Motion").

## PRELIMINARY STATEMENT

Amendments ostensibly aimed at addressing the pleading deficiencies highlighted by Defendants' application to dismiss the original pleading have ultimately failed to inoculate the First Amended Complaint ("FAC") from the same fate.  Finding themselves the most recent target of Plaintiff's well-documented campaign of meritless putative class action lawsuits arising from the alleged receipt of a single telephone call, Defendants respectfully move this Court for an Order dismissing the FAC or, alternatively, dismissing and/or striking the class allegations thereof.  The requested relief is warranted for the following reasons.

Plaintiff's claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA") must be dismissed because of the proper application of the Nonprofit Exemption promulgated by the Federal Communications Commission in accordance with its rulemaking authority pursuant to Section (b)(2)(B) of the TCPA.  *See* 47 C.F.R. § 64.1200(a)(3)(iv).  Because CGA is such a nonprofit charitable organization under Section 501(c)(3) of the Internal Revenue Code,[1] any call alleged to have been placed by or on behalf of it does not violate the TCPA.  The lone subject call is alleged by Plaintiff to have been placed on

---

[1] *See Lees Decl.* ¶ 3, *Exhibit* A thereto.

behalf of a nonprofit organization, CGA.[2]  For the purposes of this motion to dismiss, Plaintiff's allegation must be taken as true.   Accordingly, the claim against Defendants for violation of the TCPA must be dismissed.  In addition to the foregoing, the TCPA claim must be dismissed for failure to state a claim for the very fact that the Complaint contains no factual allegations either that any of the Defendants initiated the subject telephone call or that any Defendant may be held vicariously liable for the entity that allegedly did.

Plaintiff's state law claim alleging violation of General Business Law ("NY GBL") § 399-p must also be dismissed.  Upon dismissal of the TCPA claim over which it has original jurisdiction, the Court should decline to exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367(c).  The general rule dictates that where all federal claims are dismissed before trial courts should abstain from exercising supplemental jurisdiction.  This case is no exception. Not only do factors such as comity, judicial economy, and fairness, guide the Court to use its discretion to decline exercising supplemental jurisdiction over the state law claim, but two additional truths separately, and collectively, are also decisive factors warranting dismissal of the NY GBL claim.  These are that Plaintiff: (i) lacks the Article III standing to bring such a claim; and (ii) fails to adequately plead the claim.

While NY GBL § 399-p(3) provides for certain information to be disclosed at the beginning of a regulated telephone call, and then for the subsequent disclosure of additional information at the end of the call, both the FAC and the nature of the claim demonstrate Plaintiff's lacks standing to bring the NY GBL claim.  First, Plaintiff fails to allege any injury associated with the prerecorded message's alleged failure to disclose certain information. Further, even were Plaintiff to point to any alleged injury, the message's purported omission of identifying information does not present a material risk of harm to a protectable interest

---

[2] *FAC* ¶ 22.

sufficient to satisfy Article III standing requirements.  In addition to the foregoing, the FAC makes plain that not only was the requisite information initially disclosed as required, but any purported failure to disclose information at the end of the call was not because the message omitted the information but rather because Plaintiff ended the recording before such information could be disclosed.  Accordingly, for the aforementioned reasons, the NY GBL claim must be dismissed.

Finally, to the extent that Plaintiff's individual claims survive the instant motion, the Court should dismiss and/or strike the class allegations of both the putative Federal Class and the putative New York Class.[3]  Because Plaintiff's lack of standing to assert the NY GBL claim is an infirmity shared by the entire New York Class, the claims that he purports to bring on behalf of absent putative New York Class members must likewise be dismissed.  Moreover, while Plaintiff purports to serve as both *pro se* class counsel and as class representative, courts have routinely upheld the principle that *pro se* plaintiffs cannot serve such dual roles.

The Supreme Court's recent ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* also mandates the dismissal of the claims of those putative Federal Class members that are not New York State residents.  With respect to such putative Federal Class members' purported claims, specific jurisdiction would be lacking in this forum against the out-of-state Defendants.  Finally, with respect to the New York Class, the FAC clearly indicates that, following the dismissal of the TCPA claim, the Court would lack subject matter jurisdiction over the claims of such a class in accordance with 28 U.S.C. § 1332(d).

For the foregoing reasons, as fully detailed herein, Defendants respectfully request that the Court enter an Order as follows: (i) dismissing Plaintiff's TCPA claim; (ii) dismissing

---

[3] For ease of reference, Defendants adopt the terms as defined in the FAC.

Plaintiff's NY GBL claim; and/or (iii) dismissing or striking the claims of the putative Federal Class and the putative New York Class.

## LEGAL STANDARD

The Court "take[s] the factual allegations of a complaint to be true and draw[s] all reasonable inferences in the plaintiff's favor" on a motion to dismiss. *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). However, the Court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege specific facts "to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of surviving a motion to dismiss,"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, a court may disregard patently implausible factual claims. *See generally, Iqbal*, 556 U.S. 662 (2009). Likewise, when considering a motion to strike pursuant to Fed. R. Civ. P. 12(f), "the standard applied is the mirror image of the standard applied to a Rule 12(b)(6) motion." *Guariglia v. P&G*, 2018 U.S. Dist. LEXIS 42861, *30 (March 14, 2018).

Moreover, both subject matter jurisdiction and standing act to limit the power of this Court to entertain the instant claims. Under Fed. R. Civ. P. 12(b)(1), the case must be dismissed for lack of subject matter jurisdiction when "[a] district court . . . lacks the statutory or constitutional power to adjudicate it." *Cortland Street Recovery Corp. v. Hellas Telecommunications*, 790 F.2d 411, 416-417 (2d Cir. 2015). Finally, arguments that Plaintiff's lack of constitutional standing warrants dismissal are properly raised pursuant to Fed. R. Civ. P. 12(b)(1). *Id.*

## I.      PLAINTIFF'S TCPA CLAIMS MUST BE DISMISSED

### A.    The TCPA's Nonprofit Exemption Mandates Dismissal of Plaintiff's Claim

Through 47 U.S.C. § 227(b)(2), Congress conferred rulemaking and interpretative authority upon the Federal Communications Commission ("FCC") to fashion exemptions to TCPA liability.  The FCC has utilized that authority to promulgate 47 C.F.R. §64.1200(a)(3), pursuant to which it is not unlawful to call "any residential landline using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party" under certain limited circumstances  Pursuant to this regulation, one such limited circumstance is that a call to a residential landline is exempt from TCPA liability if the call is "made by or on behalf of a tax-exempt nonprofit organization.   47 C.F.R. § 64.1200(a)(3)(iv).

Plaintiff alleges that he received the Telemarketing Call[4] on his residential telephone line and that it was placed using a prerecorded voice.  *FAC* ¶¶ 15, 18-20.  Plaintiff also expressly acknowledges that upon being transferred to a representative of CGA, Plaintiff was told that "CGA is a non-profit credit counseling and debt-management company" on multiple occasions. *FAC* ¶¶ 37, 51.  Notwithstanding this actual knowledge, and despite being an experienced TCPA attorney with at least constructive knowledge of the Nonprofit Exemption, Plaintiff brought suit against CGA.   The FAC, whose well-pled allegations with respect to asserting that the Telemarketing Call was placed on behalf of CGA must be taken as true for the purposes of this Motion, makes plain that liability cannot attach to the call nor can CGA be held liable for it. CGA is a tax exempt nonprofit organization in accordance with Section 501(c)(3) of the Internal Revenue Code.[5]   Calls made by or on behalf of CGA are not unlawful when placed to a

---

[4] *See* footnote 2.
[5] *See Lees Decl. ¶ 3, Exhibit* A thereto.

residential landline, even when made using an artificial or prerecorded voice to deliver a message without Plaintiff's prior express written consent.   47 C.F.R. § 64.1200(a)(3)(iv). Accordingly, Plaintiff's TCPA claims against CGA must be dismissed.

Likewise, "calls made by independent telemarketers on behalf of tax-exempt nonprofits are not subject to the rules governing telephone solicitations in the TCPA." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, 14087 (2003).   The FAC alleges that the "Telemarketing Call was made for the purposes of determining whether a person . . .met the qualifications for the services that were purportedly provided by CGA." *FAC* ¶ 22.   This allegation makes plain that the Nonprofit Exemption applies.

The scope and application of the Nonprofit Exemption has been examined in several district courts nationwide.   For example, in *Fitzhenry v. Indep. Order of Foresters*, 2015 U.S. Dist. LEXIS 76750 (D. S.C. June 15, 2015), the Court was presented with a case in which the plaintiff had received a prerecorded message marketing a funeral insurance program, pressed "1" to speak with a live representative and who subsequently informed the plaintiff that the call was being made to promote a nonprofit organization.   The *Fitzhenry* Court, in dismissing the underlying TCPA claim, analyzed the text of 47 C.F.R. § 64.1200(a)(3)(iv) and concluded that "[t]he exemption . . . does not distinguish between calls made on behalf of nonprofits based on the substance of the call.   It simply indicates that calls made 'by or on behalf of a tax-exempt nonprofit organization' are exempt." *Fitzhenry*, 2015 U.S. Dist. LEXIS at *8. In reaching a similar result, the reasoning in *Fitzhenry* was reinforced, and ultimately followed, in *Wengle v. Dialamerica Mktg, Inc.*, 2015 U.S. Dist. LEXIS 135187 (E.D. Mich. Oct. 2, 2015).   In *Wengle*, the Court analyzed the Nonprofit Exemption with respect to a call with a prerecorded message

that was placed by a for-profit entity on behalf of a nonprofit organization and to which the plaintiff complained was placed to deliver the for-profit commercial message rather than having actually been placed on behalf of the nonprofit organization.  In dismissing the TCPA claim, the *Wengle* Court rejected the plaintiff's argument that the Nonprofit Exemption should not apply under such circumstances, noting that *Fitzhenry* "aptly observed" that "the Nonprofit Exemption 'contains no language of limitation indicating that it is only applicable to non-commercial calls. It does not distinguish between calls made on behalf of nonprofits based on the substance of the call." *Id.* at 28. (*quoting Ftizhenry* 2015 U.S. Dist. LEXIS at *8).  The FAC makes plain that there is no basis for which this Court should deviate from the holdings in *Fitzhenry* and *Wengle*. Application of the Nonprofit Exemption to the sole subject call in this action, admitted by Plaintiff to have been placed by or on behalf of CGA, a nonprofit organization, merits dismissal of the TCPA claim accordingly.

Plaintiff has previously represented in submissions to this Court that the Nonprofit Exemption may not be applied in circumstances in which a for-profit entity has hired a tax-exempt non-profit organization to make calls on behalf of such a for-profit.  *See* Dkt. No. 22. Nevertheless, this argument is belied by the FAC itself, whose allegations demonstrates that Plaintiff knows such an arrangement was not the case here and that the for-profit entity(ies) did not hire a non-profit entity to make calls on its behalf.  In fact, nearly the entirety of Plaintiff's amendments from the original complaint to the FAC include additional factual detail about his alleged conversations between both Freedom and CGA in which he was advised that he was transferred to the nonprofit organization, CGA, rather than having been transferred by the nonprofit organization to a for-profit entity. *See FAC* ¶¶ 47, 51, 59, 61, 65-66.

When taking the allegations in the FAC as true and in the light most favorable to Plaintiff, Defendants cannot be held liable for the Telemarketing Call by virtue of the Nonprofit Exemption's "by or on behalf of" language because the subject call is alleged to have been placed for the purposes of determining whether Plaintiff qualified for services provided by CGA[6], a nonprofit organization.  Accordingly, Plaintiff's TCPA claim must be dismissed in its entirety.

**B.**     **The FAC Fails to State a Claim for Relief Pursuant to the TCPA**

Initially the Complaint does not contain a single allegation concerning conduct that can be attributable to any particular Freedom-entity (i.e. FDR, FFN, or FFNF).  Despite amending the original complaint, the Freedom entities still appear to be the victim of Plaintiff's shotgun pleading, with each having been lumped together with all other defendants and not otherwise provided with a fair opportunity to frame a responsive pleading.  The allegations in the FAC are not rooted in fraud. Plaintiff cannot be relieved of his pleading requirement to distinguish between the defendants in accordance with Fed. R. Civ. P. 8.  Having failed to provide any actual basis to distinguish conduct attributable to any particular Freedom entity from any other defendant, the claims against them must be dismissed as a result of Plaintiff's inability to meet the minimum pleading standards.

Dismissal of Plaintiff's TCPA claims is also necessitated by the fact that the complaint is bereft of any allegations indicating that any of the Defendants "initiated" the Telemarketing Call that he alleges to have received.  *See* 47 U.S.C. § 227 (b)(1)(B).  To be sure, Plaintiff alleges that he received the Telemarketing Call and that by pressing "1," he was transferred to an unidentified live person and that this live person then allegedly transferred him to a

---

[6] *FAC* ¶ 22.

representative of CGA. *FAC ¶¶ 27-28.* Notably absent is any allegation as to who initiated the call that he alleges that he received. Given that initiating a call is a fundamental element of a claim pursuant to 47 U.S.C. § 227 (b)(1)(B), Plaintiff's failure to allege facts against any Defendant with respect to such initiation is a fatal deficiency.

Plaintiff's only purported allegation concerning attribution of the source of the Telemarketing Call is the bald conclusion that the "Defendants placed, or directed the placement of, to residential and cellular telephone lines, thousands of telephone calls that included the Telemarketing Call and that were materially or literally identical to the Telemarketing Call. . ." *FAC. ¶ 74.* This is simply insufficient to satisfy pleading standards. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). Thin allegations such as this have routinely been dismissed by this Court when presented by Plaintiff's prior TCPA lawsuits. *See Bank v. Philips Elecs. N. Am. Corp.*, 2015 U.S. Dist. LEXIS 48767 (E.D.N.Y. Apr. 14, 2015) (dismissing the complaint because it did "not allege that the authorized dealers made the calls pursuant to a contract with Philips" but instead alleged that the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]"); *Bank v. Alliance Health Networks, LLC*, 2015 U.S. Dist. LEXIS 101774 (E.D.N.Y. Aug. 4, 2015) (dismissing where no allegation of a contractual relationship or other factual basis to support a relationship giving rise to vicarious liability  present). The foregoing pleading deficiency is fatal to the TCPA claim.

Plaintiff also seeks to hold one or more of the Defendants liable under a theory of vicarious liability, and has acknowledged as such in his pre-motion letter submissions in response to Defendants'.[7] Not only does the FAC not specifically identify such a theory on its face, the FAC likewise does not contain any factual allegations that a legal relationship existed

---

[7] Dkt. 17, 22.

between the Defendants, or between any Defendant and any entity, sufficient to establish such vicarious liability. *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138-39 (E.D.N.Y. 2015). "The federal common law of agency is in accord with the Restatement. Agency is a fiduciary relationship that arises when one person . . . manifests assent to another . . . that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise to act." *Id.* at 138 (internal quotations omitted). The FAC contains no allegations concerning any such agency relationship among any entities. In the absence of same, it cannot be said that the FAC makes a claim for vicarious liability against any Defendant for a TCPA violation. Accordingly, the TCPA claim must be dismissed.

## II.    PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

### A.    The Court Should Decline to Exercise Supplemental Jurisdiction

28 U.S.C. § 1367 subsection(c) provides that a district court may decline to exercise supplemental jurisdiction over a claim if the Court has dismissed all claims over which it has original jurisdiction. Declining to exercise such jurisdiction over Plaintiff's state law claim would be manifestly appropriate upon the Court's dismissal of the TCPA claim. Courts in this district have routinely opted not to exercise supplemental jurisdiction following dismissal of this Plaintiff's TCPA claims. *See Bank v. Philips Elecs. N. Am. Corp.*, 2015 U.S. Dist. LEXIS 48767 (E.D.N.Y. April 14, 2015); *Bank v. Alliance Health Networks, LLC*, 2015 U.S. Dist. LEXIS 101774 (E.D.N.Y. Aug. 4, 2015); *see also Bank v. Uber Techs., Inc.,* 2016 U.S. App. LEXIS 18641 (2d Cir. Oct. 18, 2016). Such prudence is justified in this matter as well.

Upon triggering the Court's discretion under 28 U.S.C. § 1367(c)(3) through dismissal of the TCPA claims, the Court is guided by balancing "traditional 'values of judicial economy, convenience, fairness, and comity[]' in deciding whether to exercise" such supplemental

jurisdiction. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In balancing these factors, the *Cohill* Court provided additional guidance that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n. 7. Against this backdrop, the factors point conclusively in the direction of a declination of exercising supplemental authority.

Matters of fairness and judicial economy also clearly weigh against exercising supplemental jurisdiction over the state law claim, as the already strained federal judiciary's docket need not be further burdened with Plaintiff's claim of a single technical procedural violation of a state statute, a claim that he would neither be precluded from bringing in a state court nor prejudiced by doing so. Moreover, the Second Circuit instructs that, in the interest of comity, "absent exceptional circumstances, where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment", courts should "abstain from exercising pendent jurisdiction." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986). There is no reason to deviate from this instruction. Supplemental jurisdiction should not be exercised over the state law claim.

## B.     The FAC Fails to State a Claim for Relief Pursuant to NY GBL § 399-p

Plaintiff purports to seek relief for an alleged violation of NY § GBL 399-p(3) which provides in relevant part that, whenever calls are placed through use of an automatic dialing-announcing device, "such device shall . . . state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is

transmitted . . ." Taking Plaintiff's allegations as true for the purposes of this Motion, Plaintiff acknowledges that he cut off the prerecorded message before ever reaching the end of the recording.

The FAC makes plain that he immediately pressed "1" to act upon his desire to speak with a live operator after being provided with the option to do so. In fact, before he acted to end the message, Plaintiff alleges that the portion of it that he did hear actually did provide the information required by NY GBL § 399-p(3): the name of the person, Jennifer, and the nature of the call, Plaintiff's credit card account.[8] Despite his conclusion to the contrary, the pleading indicates that to the extent that Plaintiff was purportedly not provided statutorily-required disclosures, it was because Plaintiff took affirmative steps to not reach the end of the message rather than the message itself not including such information. Notwithstanding this admitted fact, Plaintiff asserts in paragraph 20 of the FAC the patently absurd allegation of what the remainder of the recording *would have played* if he had not pressed '1' to end it, included as part of Plaintiff's amendment to address arguments raised in Defendants' motion to dismiss the original complaint. The Court is under no obligation to assume as true such an implausible allegation notwithstanding the motion to dismiss standard. *See Robert L. Gordons LLC v. U.S. Bank N.A.*, 2018 U.S. App. LEXIS 2330, **4 (2d Cir. Jan. 31, 2018) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) for notion that courts may decline to credit bare or implausible assertions). Plaintiff does not allege that he heard this message to completion upon a subsequent call, nor could he. Plaintiff does not allege that he called back the initiator of the Telemarketing Call and heard the message to completion, nor could he. Nevertheless, Plaintiff would have the Court assume as fact that Plaintiff knows what the portion of an unplayed message would have said despite admitting that he ended the recording before hearing it. The Court need not give

---

[8] *FAC* ¶ 18.

credence to such a gambit.  The Complaint makes plain that Plaintiff has failed to state a claim

for relief for an alleged violation of NY GBL § 399-p(3) and the claim must be dismissed as a

result.

### C.    Plaintiff Lacks Article III Standing to Assert the NY GBL § 399-p Claim

It is a well settled principle that the plaintiff bears the burden of establishing the existence

of the elements that demonstrate his standing to bring a claim.   To demonstrate standing, the

plaintiff must show that: "(1) [he] suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

The Supreme Court's recent decision in *Spokeo* provided additional clarification to the

injury in fact requirement.  In *Spokeo*, the Court reiterated that "[t]o establish injury in fact, a

plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is

'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical." *Id.* at

1548 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  In those cases where a

plaintiff seeks statutory damages, such as Plaintiff with respect to his NY GBL § 399-p claim,

the *Spokeo* Court held that a plaintiff may not "allege a bare procedural violation, divorced from

any concrete harm, and satisfy the injury-in-fact requirement." *Spokeo*, 136 S. Ct. at 1549.  The

Second Circuit has applied *Spokeo* and recognized that "in the absence of a connection between

a procedural violation and a concrete interest, a bare violation of the former does not manifest an

injury in fact." *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016).  While recognizing

that in certain circumstances a bare procedural violation may manifest a concrete injury, the

Second Circuit has instructed that courts consider "whether the particular bare procedural

violation may present a material risk of harm to the underlying concrete interest . . . sought to" be protected. *Crupar-Weinmann v. Paris Baguette Am., Inc.,* 861 F.3d 76, 80-81 (2d. Cir. 2017).

Here, the FAC presents allegations of a purely statutory violation without any allegation of injury at all, the precise technical statutory violation divorced from concrete harm that *Spokeo* cautioned as being insufficient to confer Article III standing.

This Court recently analyzed the issue of Article III standing within the context of a NY GBL § 399-p claim in *Jenkins v. Nat'l Grid USA Serv. Co.*, 2017 U.S. Dist. LEXIS 155423 (E.D.N.Y. Sept. 22, 2017).  In *Jenkins*, like here, the court was presented with a plaintiff claiming statutory injuries from the receipt of a phone call that allegedly failed to disclose certain information required under the statute.  The *Jenkins* court undertook a lengthy analysis of the text, purpose, and legislative history of the statute to determine the consumer interest sought to be protected by it.  The Court noted that in determining whether the "alleged intangible harm[] constituted a concrete injury, it must consider whether the alleged intangible harm has a close relationship to a harm that has either been regarded as providing a basis for a lawsuit in English or American courts, or whether Congress has identified and elevat[ed] [such] harms to the status of a cognizable injury." *Id.* at 19 (*quoting Spokeo*, 136 S. Ct. at 1549).  With respect to NY GBL § 399-p, the *Jenkins* court determined that "there is virtually no evidence of an intent to protect a consumer's interest in receiving identifying information." *Id.* at 23.  The Court went on to hold that, even assuming that an intent to protect such an interest existed, a plaintiff would still need to demonstrate that a procedural violation of NY GBL § 399-p presents a "material risk of harm" to that concrete interest.  In ultimately finding a lack of standing to bring a claim under the statute, the *Jenkins* court held that "the messages' omissions did not present a material risk of harm to the purported disclosure interest." *Id.* at 25.

It is as true here as it was in *Jenkins* that a message's purported omission of identifying information does not present a material risk of harm sufficient to satisfy Article III standing requirements for the purposes of the NY GBL claim.  Moreover, Plaintiff gives away the game that he did not suffer any concrete harm as there is not a single allegation in the Complaint to indicate that Plaintiff even suffered *any* injury, let alone a sufficient factual showing to demonstrate a concrete and particularized injury.  Nor could he have.  Plaintiff does not have standing to assert the claim for violation of NY GBL § 399-p in this Court and, as a result, it must be dismissed.

## III.    THE CLASS CLAIMS SHOULD BE DISMISSED AND/OR STRICKEN

### A.    The Class Allegations' Facial Deficiencies Make Clear That This Matter Cannot Proceed as a Class Action

Fed. R. Civ. P. 23(d)(1)(D) provides that the Court may issue orders that require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceeding accordingly.  Similarly, "[i]f it obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Fed. R. Civ. P. 12(f) to delete the complaint's class allegations." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (upholding striking of class allegations prior to motion to certify class).  "[T]o succeed on a motion to strike class allegations, a defendant must 'demonstrate from the face of the complaint that it would be impossible to certify the alleged class regardless of the facts the plaintiff[] may be able to obtain during discovery.'" *Guariglia v. P&G*, 2018 U.S. Dist. LEXIS 42861, *30 (E.D.N.Y. March 14, 2018) (*quoting Mayfield v. Asta Funding*, 95 F. Supp.3d 685 (S.D.N.Y. 2015)).

Cognizant of the general rule that a motion to strike class allegations under Fed. R. Civ. P. 12(f) is disfavored, it is nevertheless proper where, as here, it is obvious from the face of the pleading that this matter cannot proceed on a classwide basis, and there is a basis separate and apart from issues that may be decided on a class certification motion which otherwise bear upon the application to strike. *See Chen-Oster v. Goldman, Sachs & Co.* 877 F. Supp.2d 113, 117 (S.D.N.Y. 2012) (an exception to the general rule exists when the motion to strike "addresses issues separate and apart from issues that will be decided on a class certification motion.")

As demonstrated above, Plaintiff does not have standing to assert a claim for violation of NY GBL § 399-p.   It is overwhelmingly likely that the putative class members also share Plaintiff's lack of standing because the failure to disclose the statutorily-required information does not implicate a concrete interest.   Taken together with Plaintiff's own lack of standing, striking the New York Class allegations is necessary . *See Calvo v. City of New York*, 2017 U.S. Dist. LEXIS 154669 (S.D.N.Y. Sept. 21, 2017) ("[u]ltimately the Article III standing inquiry must be examined through the prism of the class definition and, in this Circuit, a class cannot be certified if any person captured within that definition lacks Article III standing.").

Moreover, while the FAC alleges that Plaintiff's interests are not "antagonistic to, or in conflict with, the Members of the Classes,"[9] nothing could be further from the truth given the fact that he seeks to serve as class representative and class counsel.   Time and again courts in this Circuit have held that a *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel. *See Rodriguez v. Eastman Kodak Co.*, 88 Fed. App'x 470, 471 (2d Cir. 2004) ("[A] *pro se* plaintiff may not seek to represent the interests of third-parties . . . [m]oreover, it is well established that a *pro se* class representative cannot adequately represent the interests of other class members."); *Jaffe v. Capital One Bank*, 2010 U.S. Dist.

---

[9] *FAC.* ¶ 93.

LEXIS 18117, 29 (S.D.N.Y. Mar. 10, 2010) ("A *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel."); *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 2004) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). The reasoning for the prohibition is self-evident. A *pro se* plaintiff's duty to represent class interests would invariably conflict with his opportunity to realize a financial gain from an award of attorneys' fees. *See Matassarin v. Lynch*, 174 F.3d 549, 559 (5th Cir. 1999); MOORE'S FEDERAL PRACTICE § 23.25 (3d ed. 2010) ("[A] *pro se* class representative cannot adequately represent the interests of other class members. Moreover . . . an attorney may not bring a class action *pro se* because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest."). As a result, this matter cannot proceed as a class action and the class allegations should be dismissed and/or stricken.

Additionally, to the extent that Plaintiff's claims are not otherwise dismissed in accordance with the arguments above, the FAC itself nevertheless demonstrates that a class cannot be certified and should not proceed as such. Plaintiff alleges that he received a phone call on his residential telephone line in violation of Section 227(b)(1)(B) of the TCPA, but nevertheless defines the putative Federal Class to include members that received phone calls on their cellular telephone. Section 227(b)(1)(B) expressly applies only to calls placed to residential telephone lines. Accordingly, Plaintiff's claim pursuant to Section 227(b)(1)(B) would not be typical of claims of putative members that received called on their cellular telephones, whose claims would otherwise be brought pursuant to TCPA Section 227(b)(1)(A)(iii). For this same reason, common questions of fact and law would not exist among the putative Federal Class members. For example, the Nonprofit Exemption applies to calls placed to residential landlines

but not to cellphones. *See Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 826-27 (N.D. Ill. 2016).    Accordingly, the FAC should be amended to dismiss the class allegations pursuant to Fed. R. Civ. P. 23(d)(1)(D) and Fed. R. Civ. P. 12(b)(6), or the class allegations should otherwise be stricken pursuant to Fed. R. Civ. P. 12(f).

### B.   The Supreme Court's Recent Decision in *Bristol-Myers* Confirms that the Court Lacks Specific Jurisdiction over the Federal Class

In the recently issued opinion of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (June 19, 2017), the United States Supreme Court explained why a forum-state resident plaintiff could not assert claims on behalf of non-forum state residents against a corporate defendant over which the court could not assert general jurisdiction.

Briefly, *Bristol-Myers* involved a group of non-California residents that had brought suit in California state court against Britsol-Myers Squibb Company, which is incorporated in Delaware, has a principal place of business in New York, and conducts substantial operations in New York and New Jersey. *Id.* at 1777-78. Finding a lack of personal jurisdiction over Bristol-Myers Squibb Company in California as to the claims of the non-California residents, the Court held that:

> [t]he nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not all the State to assert specific jurisdiction over the nonresidents' claims . . . This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents. *Id.* at 1781.

This Court has previously rejected the notion that *Bristol-Myers* has no bearing on class actions because *Bristol-Myers* itself was not a class action. *In re Dental Supplies Antitrust Litigation*, 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017). Consistent with this finding, *Bristol-Myers* has been applied across the country in class action cases, the result of which has been to dismiss the claims of out-of-state putative class members. *See e.g. Practice Mgmt. Support Servs. v. Cirque du Soleil, Inc.*, 2018 U.S. Dist. LEXIS 39754 (N.D. Ill. Mar. 12, 2018) (court prevented from exercising specific personal jurisdiction over defendants with respect to claims of non-forum state class members).

With respect to an incorporated entity, "the place of incorporation and principle place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Complaint indicates that general jurisdiction may not be asserted over Defendants. It alleges that: (1) CGA is a Florida corporation; (2) FDR is a Delaware limited liability company with a principal place of business in California; (3) FFN is a Delaware limited liability company with a principal place of business in California; and (4) FFNF is a Delaware limited liability company with a principal place of business in California. *FAC* ¶¶ 10-13. Accordingly, and consistent with the holding in *Bristol-Myers*, any putative Federal Class member that is not a New York resident would be unable to assert a claim in this forum against any of the Defendants as their putative claim would inherently involve contacts with Defendants that took place outside of New York. As such, the claims of any non-New York resident putative class member must be dismissed for lack of personal jurisdiction.

## C.     Subject Matter Jurisdiction is Lacking With Respect to the New York Class

In addition to Defendants' arguments above concerning Plaintiff's individual claim for violation of NY GBL § 399-p, the allegations asserted on behalf of the putative New York Class

must be dismissed.  Much as Plaintiff's individual claim suffers a jurisdictional infirmity, so does the putative New York Class.

The Complaint's sole allegation concerning jurisdiction invokes the federal question provision found at 28 U.S.C. § 1331.  Upon dismissal of the TCPA claims, the putative New York Class' claims could only be maintained by virtue of diversity jurisdiction.  Nevertheless, the only allegation concerning an amount in controversy can be found at paragraph 74 of the FAC, which states that this matter involves "thousands of telephones calls that included the Telemarketing Call and that were materially or literally identical to the Telemarketing Call . . ." Given a statutory penalty of $50 for a violation of NY GBL § 399-p, this pleading inadequacy is woefully deficient and does not meet the jurisdictional requirements of 28 U.S.C. § 1332(d) for such a contemplated class action.  Accordingly, the proposed claims for the putative New York Class must dismissed as jurisdictionally deficient.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant the instant motion and enter an Order: (i) dismissing the TCPA claims; (ii) dismissing the claims for violation of NY § GBL 399-p; (iii) dismissing and/or striking the class allegation; and (iv) awarding any other relief that the Court deems just and proper.

KLEIN MOYNIHAN TURCO LLP
*Attorneys for Defendants*

By: Neil E. Asnen (NA 1863)
450 Seventh Avenue – 40th Floor
New York, NY 10123
(212) 246-0900

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via electronic mail to: **Todd C. Bank.,** the Law Office of Todd C. Bank, tblaw101@aol.com, Plaintiff *pro se*, and via first class mail to the Law Office of Todd C. Bank, 119-40 Union Turnpike, Fourth Floor, Kew Gardens, NY 11415, this 20th date of July, 2018.

      /s/ Neil E. Asnen
Neil E. Asnen, Esq. (NA 1863)
450 Seventh Avenue, 40th Floor
New York, NY 10123
(212) 246-0900
nasnen@kleinmoynihan.com

{00130550;1}