UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TODD C. BANK, individually and on behalf of
all others similarly situated,

                          Plaintiff,                      **MEMORANDUM & ORDER**
                                                                   18-CV-1311 (PKC) (RLM)

              - against -

FREEDOM DEBT RELIEF, LLC, FREEDOM
FINANCIAL NETWORK, LLC, and
FREEDOM FINANCIAL FUNDING, LLC,

                          Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

By Order of March 22, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the complaint.[1] (*See generally* Dkt. 38.) In that Order, the Court found that it lacked subject matter jurisdiction over Plaintiff's claims for a violation New York General Business Law ("GBL") § 399-p because the complaint does not adequately allege harm or risk of harm to a concrete interest protected by that provision. (*See id.* at 20–25.) Accordingly, Plaintiff's individual and class claims under GBL § 399-p were dismissed. (*Id.* at 25, 28.) On April 5, 2019, Plaintiff timely filed a motion for reconsideration pursuant to Local Civil Rule 6.3 and, ostensibly, Federal Rules of Civil Procedure 59(e), 60(b)(1), and 60(b)(6). (*See* Dkts. 39, 40.) Plaintiff's motion for reconsideration was fully briefed on April 22, 2019. For the reasons stated herein, Plaintiff's motion is denied.

### STANDARD OF REVIEW

A motion for reconsideration pursuant to Local Civil Rule 6.3 "is the proper vehicle for

---

[1] The Court assumes the parties' familiarity with the facts and analysis contained in the March 22, 2019 Order and incorporates them herein.

bringing to the Court's attention matters it may have overlooked in its initial ruling or [O]rder." *Pall Corp. v. 3M Purification, Inc.*, Nos. 97-CV-7599 (PKC), 03-CV-92 (PKC), 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015). The standard governing a motion for reconsideration under Local Civil Rule 6.3 is "identical" to the standard applicable to a motion to amend or alter a judgment under Federal Rule of Civil Procedure 59(e). *Arnold v. Geary*, 981 F. Supp. 2d 266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014). Such motions "are held to a strict standard, 'and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the [C]ourt overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the [C]ourt.'" *Mirkin v. XOOM Energy, LLC*, No. 18-CV-2949 (ARR) (RER), 2018 WL 6381456, at *1 (E.D.N.Y. Dec. 6, 2018) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)). A motion for reconsideration "is not a vehicle for re[-]litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)).

## DISCUSSION

Plaintiff's motion for reconsideration boils down to an attempt to re-litigate the merits of Defendants' motion to dismiss, as he does not present any material that the Court overlooked in its March 22, 2019 Order. Rather, entire portions of Plaintiff's memorandum in support of reconsideration are lifted nearly *verbatim* from his original overlength brief in opposition to Defendants' motion to dismiss (*compare* Dkt. 31, at 4–5, *with* Dkt. 40, at 5–6), address matters immaterial to the Court's March 22, 2019 Order (*see* Dkt. 40, at 7–9 (discussing statutory standing)), or mischaracterize the Court's analysis (*see id.* at 9–10 (characterizing the Court's

2

reasoning as "akin to stating that a person who was injured . . . has only himself to blame for his loss of that time or money")). In the portion of his motion for reconsideration that is substantively material to the March 22, 2019 Order, Plaintiff argues that the Court's use of legislative history was selective, improper, and unwarranted. (Dkt. 40, at 1–4.) Despite these objections, Plaintiff does not present any legislative history that the Court failed to consider in the March 22, 2019 Order; instead, Plaintiff points to the same legislative history previously reviewed by the Court and objects to the Court's conclusion that that history undermines his claim of Article III standing. (Dkt. 40, at 3.)

Plaintiff's objections are unavailing. Because the mere "deprivation of a procedural right" is insufficient to create Article III standing "without some concrete interest that is affected by the deprivation," *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009), the Court considered legislative history to determine the scope of the "underlying concrete interest [the New York State Legislature] sought to protect" by enacting the procedural rights and requirements in GBL § 399-p, *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 81 (2d Cir. 2017). (*See* Order, Dkt. 38, at 20–25.) Despite Plaintiff's protestation that any use of legislative history is "troubling" and its use in the context of Article III standing analysis is "nonsensical" and "unwarranted," the Court's reliance on legislative history in its analysis was proper. *See Villanueva v. Wells Fargo Bank, N.A.*, Nos. 13-CV-5429 (CS) (LMS), 14-CV-648 (CS) (LMS), 2016 WL 5220065, at *3 (S.D.N.Y. Sept. 14, 2016) ("To the extent that *Spokeo* deemed the legislature's judgment to be instructive in the analysis of whether a statutory provision creates Article III standing through its recognition of a concrete harm, the Court has examined the legislative history of the statutory provisions at issue in these actions . . . ."). Indeed, in *Leyse v. Lifetime Entertainment Services, LLC*, 679 F. App'x 44, 47 (2d Cir. 2017) (summary order), the Second Circuit cited with approval

the Article III standing analysis in *Palm Beach Golf Center–Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015), in which the Eleventh Circuit relied on the legislative history of the Telephone Consumer Protection Act to determine whether the harm alleged by the plaintiff was "among the injuries intended to be prevented by the statute." Because Plaintiff has not demonstrated that the Court overlooked any controlling decisions in choosing to rely on legislative history in determining Article III standing, nor in interpreting GBL § 399-p's legislative history, he has not met the standard for reconsideration under Local Civil Rule 6.3.

To the extent that Plaintiff seeks relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), the Court finds Plaintiff's motion to be procedurally improper. Rule 59(e) "contemplates only motions to alter or amend judgments." 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.05(7)(b) (Matthew Bender 3d ed. 2019); *see also* Fed. R. Civ. P. 59(e) (providing that a "motion to alter or amend a *judgment*" must be filed within 28 days of that judgment (emphasis added)). As no judgment has yet issued in this case, Plaintiff cannot seek redress under Rule 59(e). Similarly, Rule 60(b) only affords relief from final judgments or orders, "meaning those [judgments or orders] that are sufficiently final that they may be appealed." *City of New York v. W. Heritage Ins. Co.*, No. 13-CV-4693 (RJD) (JO), 2015 WL 1809539, at *1 (E.D.N.Y. Apr. 21, 2015) (finding that Rule 60(b) did not provide a basis for reconsideration of an order denying in part and granting in part a motion for summary judgment). As the Court's March 22, 2019 Order did not adjudicate all of Plaintiff's claims, it "does not end the action . . . and may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Accordingly, Plaintiff's motion for reconsideration cannot be brought under Rule 60(b). Finally, because the Court has found that Plaintiff failed to allege Article III standing to pursue his GBL § 399-p claim, it need not address his assertion that he has successfully stated a claim for relief under

that provision. *See Freedberg v. J.P. Morgan Chase & Co.*, No. 16-CV-3177 (CM), 2016 WL 7495181, at *2 (S.D.N.Y. Dec. 22, 2016) ("The Court need not and cannot evaluate whether [plaintiff] states a claim, because he does not have standing to bring this suit.").

## CONCLUSION

For the reasons stated, Plaintiff's motion for reconsideration is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 24, 2019
Brooklyn, New York