```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TODD C. BANK, individually and on behalf of
all others similarly situated,

                            Plaintiff,                          MEMORANDUM & ORDER
             -against-                                          18-CV-1311 (PKC) (RLM)

CREDITGUARD OF AMERICA, INC., FREEDOM
DEBT RELIEF, LLC, FREEDOM FINANCIAL
NETWORK, LLC, and FREEDOM FINANCIAL
NETWORK FUNDING, LLC,

                            Defendants.
----------------------------------------------------------------X
```
PAMELA K. CHEN, United States District Judge:

Pending before the Court are Defendant CreditGuard of America's ("CGA") and Plaintiff Todd C. Bank's cross-motions for sanctions pursuant to Federal Rule of Civil Procedure ("FRCP") 11. For the reasons that follow, both motions are denied.

## BACKGROUND

On March 1, 2018, Plaintiff filed this *pro se*[1] action against Defendants CGA and Freedom Debt Relief, LLC, Freedom Financial Network, LLC, and Freedom Financial Network Funding, LLC (the "Freedom Defendants"). In his complaint, Plaintiff alleges that Defendants made unsolicited automated commercial telemarketing and advertising calls, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and New York General Business Law ("NYGBL") § 399-p, and that Defendants failed to provide disclosures required by state law. (*See* Complaint ("Compl."), Dkt. 1.) On June 11, 2018, Plaintiff filed an amended complaint. (Dkt. 20.)

---

[1] Although proceeding *pro se*, Plaintiff is an attorney.

All Defendants moved to dismiss the amended complaint. (Dkt. 25.) The Court granted CGA's motion in its entirety and terminated CGA as a party to this action, finding that it was "shielded from liability" under the non-profit exemption of the TCPA. *See Bank v. CreditGuard of Am.*, No. 18-CV-1311 (PKC) (RLM), 2019 WL 1316966, *5–6 (E.D.N.Y. Mar. 22, 2019), *reconsideration denied sub nom. Bank v. Freedom Debt Relief, LLC*, 2019 WL 1865196 (E.D.N.Y. Apr. 24, 2019). The Court also dismissed Plaintiff's § 399-p claims and putative § 399-p class claims as to all Defendants and struck all class allegations relating to Plaintiff's putative § 399-p class claims from the amended complaint. *Id.* at *13. The Court denied the Freedom Defendants' motion to dismiss Plaintiff's TCPA claims, as well as their motion to strike Plaintiff's putative federal TCPA class claims, thus allowing those claims to proceed. *Id.*

Plaintiff filed a Motion for Reconsideration on April 5, 2019 (Dkt. 39), which the Court denied on April 24, 2019 (Dkt. 45). The Court then twice denied Plaintiff's Motions to Amend the Order on Motion for Reconsideration on April 29, 2019 (Dkt. 46), and May 1, 2019 (Dkt. 47).

On May 6, 2019, CGA filed its motion for Rule 11 sanctions, asserting that Plaintiff's claim against CGA in this lawsuit was "frivolous" and "factually baseless." (*See* Defendant's Motion for Sanctions ("Def.'s Mot."), Dkt. 54-8, at 3.)

Plaintiff then filed two motions for Sanctions—the first on May 20, 2019 (Dkt. 51), and the second on June 12, 2019 (Plaintiff's Motion ("Pl.'s Mot."), Dkt. 62). Plaintiff's initial motion (Dkt. 51, at ECF 64), was against Defendant CGA's counsel, Neil E. Asnen, and his law firm, Klein Moynihan Turco LLP, and asserted that Defendant CGA's FRCP 11 motion itself was "frivolous." (*See* Pl.'s Mot., Dkt. 62, at ECF[2] 62.) Plaintiff acknowledged in his first motion that

---

[2] "ECF" refers to the pagination generated by the court's CM/ECF docketing system and not the document's internal pagination.

he might not have complied with the statutory "safe-harbor" provision[3] (Dkt. 51, at ECF 62–63), and indeed CGA objected to the filing as violative of the safe-harbor rule (Dkt. 53). On June 12, 2019, Plaintiff re-filed his sanctions motion against attorney Asnen and his law firm, presumably to comply with the statutory requirements, making it Plaintiff's operative sanctions motion in this matter. (*See* Pl.'s Mot., Dkt. 62.)

During the intervening period, on May 7, 2019, Plaintiff filed a second amended complaint ("SAC") per the Court's directive.[4] (Dkt. 50.)

## LEGAL STANDARD

FRCP 11(b) provides, *inter alia*, that

> [b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the claims, defenses, and other legal contentions are warranted by existing law[,] . . . [and that] the factual contentions have evidentiary support.

Fed. R. Civ. P. 11(b).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). In implementing this rule, "courts have long held that an attorney could be sanctioned for conduct

---

[3] "Rule 11 contains a 21-day 'safe harbor' provision, under which a motion 'shall not be filed with or presented to the court' unless the movant first serves its adversary with the proposed motion and gives the adversary a three-week opportunity to withdraw or correct the 'challenged paper, claim, defense, contention, allegation, or denial.'" *Camprubi-Soms v. Aranda*, No. 00-CV-9626 (DLC), 2002 WL 10439, at *1 (S.D.N.Y. Jan. 3, 2002) (quoting Fed. R. Civ. P. 11(c)(1)(A)).

[4] Plaintiff, however, disregarded the April 12, 2019 deadline set by the Court to file the SAC (*see* Order on Motion to Dismiss, Dkt. 38), despite filing *seven* other motions, memoranda, and replies in the interim. (Dkts. 39, 40, 42, 43, 46, 47, 49.)

that was objectively unreasonable," *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013), which can include "misrepresenting facts or making frivolous legal arguments," *id.* (citing *Storey v. Cello Holdings*, 347 F.3d 370, 388 (2d Cir. 2003)). "'[W]hen divining the point at which an argument turns from merely losing to losing and sanctionable, . . . courts [must] resolve all doubts in favor of the signer' of the pleading." *Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*, 757 F. Supp. 2d 218, 228 (E.D.N.Y. 2010) (emphasis omitted) (alterations in original) (quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993)). Additionally, "Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that [the claim] was groundless.'" *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011) (alterations in original) (quoting *Carlton Grp., Ltd. v. Tobin,* No. 02-CV-5065 (SAS), 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003)).

## DISCUSSION

### I. Defendant CGA's Motion for Sanctions

In its motion, CGA argues that "Plaintiff improperly asserted, maintained[,] and defended a frivolous and factually baseless" TCPA claim against CGA. (Def.'s Mot., Dkt. 54-8, at 3.) More specifically, CGA contends that, on numerous occasions, Plaintiff was provided with "actual knowledge" and "documentary evidence" demonstrating its non-profit status, which exempts it from liability under the TCPA. (*Id.*) CGA notes that Plaintiff was expressly told during the initial telemarketing call at issue in this action (the "Telemarketing Call") that CGA is a non-profit company, and, because Plaintiff is "an experienced TCPA attorney with at least constructive knowledge of the TCPA's Nonprofit Exemption," he should have known not to bring this claim. (*Id.* at 4.) Moreover, CGA argues that Plaintiff "compounded the frivolity" by maintaining the TCPA claim after amending the original pleading, citing seven instances of "actual notice" that

4

were provided to Plaintiff that CGA is a non-profit organization. (*Id.* at 5.) Essentially, CGA asserts that, because there was never a legal basis for Plaintiff to assert his TCPA claim, as evidenced by the Court's dismissal of that claim, Plaintiff's continued prosecution of it is sanctionable under Rule 11. CGA seeks both monetary and injunctive relief (in the form of a filing injunction) against Plaintiff. The Court denies both requests.

A. **Monetary Relief**

The Court finds that Plaintiff's actions are not sanctionable under FRCP 11. Simply maintaining a claim that does not survive a motion to dismiss is not in and of itself frivolous. "The appropriateness of sanctions is distinct from the underlying merits of a claim." *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (citation omitted); *see also Abdelhamid v. Altria Grp., Inc.*, 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) ("When divining the point at which an argument turns from merely losing to losing and sanctionable[,] courts must resolve all doubts in favor of the signer of the pleading." (internal quotation marks and citation omitted)). FRCP 11 motions should not be used "to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." *E. Gluck Corp.*, 252 F.R.D. at 179 (citing the FRCP 11 Advisory Committee's Note to the 1993 amendments).

Although the Court found that Plaintiff's amended complaint failed to state a TCPA claim against CGA, given the ambiguous relationship between Defendants in this case[5]—against one of

---

[5] Plaintiff points to the Court's discussion at oral argument of a potential agency reference at the pleadings stage:

> [U]nder the dual[-]purpose standard, I think they—CGA, at least at this stage, can't really rest on this immunity under—or exception under the TCPA. Again, at the pleading stage, there seems to be a very close relationship established in not one, not two, but it seems like three different calls with representatives of both defendants' companies.

whom Plaintiff was able to state a TCPA claim—such a claim as to CGA was not so obviously foreclosed by precedent as to make it legally indefensible and wholly unreasonable. The same may be said with respect to Plaintiff's agency and vicarious liability theories asserted in response to Defendant's motion to dismiss. *See Bank*, 2019 WL 1316966, at *5. Failing to pass the motion-to-dismiss threshold does not mean that Plaintiff's claim and arguments clearly had no chance of success or that there was no reasonable argument to extend the law. *See Sid Bernstein Presents, LLC v. Apple Corps Ltd.*, 16-CV-7084 (GBD), 2017 WL 4640149, at *8 (S.D.N.Y. July 26, 2017) ("Although Plaintiff has failed to state a plausible claim, the filings do not support a conclusion that the claims were clearly frivolous or were alleged in bad faith."); *see also In re Merrill Lynch Tyco Research Sec. Litig.*, 03-CV-4080 (MP), 2004 WL 305809, at *5 (S.D.N.Y. Feb. 18, 2004) ("Even though the Court concludes that the Consolidated Amended Complaint warrants dismissal, the Court need not conclude that the factual allegations are so unreasonable as to warrant Rule 11 sanctions."). "Rule 11 'is targeted at situations where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" *Sid Bernstein Presents*, 2017 WL 4640149, at *8 (quoting *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988)). Moreover, "[t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). Although unsuccessful, and perhaps fairly categorized as "long-shot" legal arguments, Plaintiff's assertion, maintenance, and defense of his TCPA claims against CGA do not rise to the level of sanctionable conduct.

---

(Pl.'s Mot., Dkt. 62, at ECF 63 (citation omitted)).

### B. Injunctive Relief

The Court also denies CGA's request for injunctive relief in the form of a filing injunction against Plaintiff. "In determining whether to restrict a litigant's future ability to sue, a court must consider 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713–14 (2d Cir. 2019) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). That inquiry includes an analysis of the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 714 (quoting *Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (*per curiam*)). Although Plaintiff Todd Bank is a frequent litigant, and is often sanctioned, *see McCabe v. Lifetime Entm't Servs.*, 761 F. App'x 38, 42 (2d Cir. 2019) (summary order) (collecting cases where "[Todd Bank's] arguments have been consistently rejected by this Court and by other circuits"), there is no evidence in this matter that his intention was or is to abuse the judicial process or harass specific parties.

The Court finds, for the reasons previously discussed, that Plaintiff Bank's arguments, while not meritorious, were not frivolous and therefore cannot form the basis for a filing injunction. Moreover, even if Plaintiff's arguments had been frivolous, the Court finds that a monetary sanction would be more appropriate than a filing injunction.

## II. Plaintiff's Motion for Sanctions and Attorneys' Fees

The Court also denies Plaintiff's motion for sanctions against both CGA's attorney and his law firm. (*See* Pl.'s Mot., Dkt. 62, at ECF 63.) While "the filing of a motion for sanctions is itself subject to the requirements of Rule 11 and can lead to sanctions[,]" *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) (quoting Fed. R. Civ. P. 11 Advisory Committee's Note to 1993 amendments); *see also Gissendaner v. Credit Corp Sols., Inc.*, 358 F. Supp. 3d 213, 225 (W.D.N.Y. 2019), that result is not warranted here.

First, CGA's motion for sanctions was not wholly without merit. *See McBurnie v. Rutledge*, 646 F. App'x 108, 113 (2d Cir. 2016) (summary order) (affirming denial of sanctions when "arguments, though close to frivolous, contained enough of a kernel of a theory to avoid being objectively unreasonable" (internal quotation marks and citation omitted)). This Court previously acknowledged problems with Plaintiff's conduct in this matter.[6] (*See, e.g.*, May 24, 2019 Order ("Plaintiff is advised, again, to focus on moving this case forward and forgo filing further vexatious motions.")).

Second, Plaintiff fails to establish the requisite burden of proof to succeed. He merely puts forth arguments opposing Defendant's FRCP 11 motion rather than demonstrating how CGA's legal contentions are not supported by existing law or were brought for an improper purpose. (*See* Pl.'s Mot, Dkt. 62, at ECF 63–70.) Plaintiff fails to detail any conduct associated with CGA's

---

[6] As previously noted, though proceeding *pro se*, Plaintiff is an attorney, and one, the Court also notes, of some notoriety in this Circuit, including as a self-proclaimed "annoyance" attorney. *See McCabe*, 761 F. App'x at 42 (collecting cases where Plaintiff's "arguments have been consistently rejected by this Court and by other circuits"); Tom McParland, *Lawyer Removed From 2nd Circuit Arguments Petitions for En Banc Rehearing*, N.Y. L.J., Jan. 2, 2020, https://www.law.com/newyorklawjournal/2020/01/02/lawyer-removed-from-second-circuit-arguments-petitions-for-en-banc-rehearing (describing Plaintiff as "a solo attorney who has branded himself the 'annoyance lawyer'").

motion for sanctions that violates FRCP 11(b).  *See Sid Bernstein Presents*, 2017 WL 4640149, at *8.  For these reasons, Plaintiff's motion is denied.

The Court also denies Plaintiff's request for costs.[7]  FRCP 11 provides that, "*[i]f warranted*, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2) (emphasis added).  Costs are not warranted here, as Plaintiff has not shown that the FRCP 11 motion was frivolous, nor is there an extensive history of bad faith litigation in this matter.  *See ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 82 (S.D.N.Y. 2016) (denying the plaintiff's motion to award "costs and fees associated with defending the Rule 11 Motion" because it was not "filed for an improper purpose" or "utterly without support" (internal quotation marks and citation omitted)); *cf. Bunnell v. Haghighi*, 183 F. Supp. 3d 364, 367 (E.D.N.Y. 2016) (adopting report and recommendation recommending the award of attorneys' fees to the prevailing party in an FRCP 11 motion after detailing significant "bad faith" litigation).  "Moreover, the situation in which all of the parties now find themselves hardly engenders sympathy." *Wheeler v. Twenty-First Century Fox*, 322 F. Supp. 3d 445, 458–59 (S.D.N.Y. 2018) (declining to award attorneys' fees and costs to both parties in competing motions for sanctions).  For these reasons, Plaintiff's cross-motion for sanctions against CGA's attorneys is denied.

---

[7] The Court notes that in Plaintiff's initial motion he also requested attorneys' fees, as the prevailing party in the event that the Court denies CGA's motion. (Dkt. 51, at ECF 62.)  That request was not reiterated in the operative motion where Plaintiff only asks for "reasonable expenses, including, but not limited to, $243.36 for the cost of the transcript of the oral argument before this Court on December 11, 2018." (Pl.'s Mot., Dkt. 62, at ECF 70.)  In any event, even if the initial request for attorneys' fees had been reiterated, it would be denied for the same reasons the Court is denying costs.

## CONCLUSION

For the foregoing reasons, Defendant CGA's motion for sanctions (Dkt. 54) and Plaintiff's cross-motion for sanctions against CGA's attorneys (Dkt. 62) are denied.

As previously ordered on February 21, 2020, because neither the Freedom Defendants nor Plaintiff filed a letter indicating a forthcoming motion for summary judgment, this case will proceed to trial. A pre-trial conference, via telephone, will be held on April 20, 2020, at 2:00 p.m.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2020
      Brooklyn, New York